# ORIGINAL

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2008 JAN -2  A  9: 32

CLERK  Q Burton

| | |
|---|---|
| Louis Silverstein,<br>Individually and on Behalf of a Class<br>Of all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Procter & Gamble, Inc., The Procter &<br>Gamble Company, The Procter & Gamble<br>Manufacturing Company and The Procter &<br>Gamble Distributing, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION FILE

NO. CV108-003

## NOTICE OF REMOVAL OF PUTATIVE CLASS ACTION

COMES NOW Defendants Procter & Gamble, Inc., The Procter & Gamble Company,

The Procter & Gamble Manufacturing Company, and The Procter & Gamble Distributing,

LLC (collectively "Defendants") and, pursuant to 28 U.S.C. §§ 1441, et seq. and 1446(a), file

this Notice of Removal of the above styled case from the Superior Court of Richmond County,

State of Georgia ("Georgia State Court")  to the United States District Court for the Southern

District of Georgia, Augusta Division, and respectfully submits the following:

### BACKGROUND

1.     On November 27, 2007, Plaintiff, Louis Silverstein, filed a putative class action

amended complaint ("Amended Complaint") for damages, individually and on behalf of all

other Plaintiffs similarly situated, in the Georgia State Court bearing Civil Action No. 2007-

RCCV-708.[1] (Exhibit 1). Plaintiff asserts claims under the Georgia Uniform Deceptive Trade Practices Act ("UDTPA"), claims for equitable fraud, and claims for fraud and deceit arising from the alleged purchase of Crest® Pro-Health™ ("Pro-Health") oral rinse product, which Plaintiff alleges stains teeth and impairs the sense of taste. *See* Amended Complaint, ¶¶ 11-13.

2.      The Plaintiff seeks certification of a plaintiff class of:

> All natural persons residing in the State of Georgia who have purchased Crest Pro-Health mouthwash in the State of Georgia and all persons who have used Crest Pro-Health mouthwash that was purchased in the State of Georgia by someone in the users household. Expressly excluded from the class are employees, officers and directors of Defendants.

Amended Complaint at ¶ 17.

## DIVERSITY JURISDICTION UNDER
## THE CLASS ACTION FAIRNESS ACT

3.      This Court has diversity jurisdiction over this putative interstate class action under 28 U.S.C. § 1332(d)(2) as amended by the Class Action Fairness Act of 2005 (P.L. 109-2) and enacted February 18, 2005 ("CAFA").

4.      Jurisdiction exists under CAFA if the Complaint alleges that the matter should be certified as a class action, "the matter in controversy exceeds the sum or value of $5,000,000.00," and "any member of the class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

5.      CAFA, therefore, expands the rules for federal diversity jurisdiction for putative class actions in several important ways. First, the amount in controversy is determined by the aggregated value of the individual claims for the entire putative class. 28 U.S.C. § 1332(d)(6). Second, CAFA provides for a rule of "minimal diversity" *i.e.*, only one proposed class

---

[1] The Amended Complaint followed an original Complaint that was filed on October 15, 2007, but was never served on any of the Defendants.

member and one defendant must be citizens of different states or of a foreign state, rather than the "complete diversity" required previously.  28 U.S.C. § 1332(d)(2)A and B.

## DIVERSITY OF CITIZENSHIP

6.      Here the Plaintiff was a citizen of Georgia at the time he filed the Complaint. *See* Amended Complaint, ¶ 1.  *See* 28 U.S.C. § 1332(d)(7) (citizenship of the proposed class members is judged at the time of filing the putative class action suit).

7.      As alleged in Amended Complaint, the Defendant Procter & Gamble Company ("Procter & Gamble") is a corporation incorporated under the laws of the state of Ohio, with its principal place of business in Cincinnati, Ohio.

8.      As alleged in the Amended Complaint, the Defendant Procter & Gamble Manufacturing Company is a corporation incorporated under the laws of the state of Ohio, with its principal place of business in Cincinnati, Ohio.

9.      As alleged in the Amended Complaint, the Defendant Procter & Gamble Distributing, LLC, is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business in Cincinnati, Ohio.

10.     There are no jurisdictional allegations in the Amended Complaint as to Defendant Procter & Gamble, Inc.; however, Defendant Procter & Gamble, Inc. is a Canadian corporation, with its principle place of business in Toronto, Canada.  As of the date of this removal it has not been served.

11.     Because there are members of the proposed class that are citizens of states other than the Defendants' states of citizenship (Ohio, Delaware, and the foreign state of Canada), minimal diversity exists under CAFA.  *See*  28 U.S.C. § 1332(d)(2)(A) & (B).

### More than 100 Putative Class members

12.    Since the introduction of Pro-Health in April of 2005, over 2,622,214 bottles of Crest Pro-Health mouthwash have been sold in the state of Georgia. *See* Kenneway Affidavit at ¶ 2. (Exhibit 2). Therefore, the putative class, as Plaintiff has defined it, consists of well over 100 persons.[2]

### Amount in Controversy

13.    The amount in controversy significantly exceeds the sum or value of $5,000,000.

14.    Since its nationwide introduction in April of 2005, over 83 million bottles of Pro-Health have been sold in the United States. *See* Kenneway Affidavit at ¶ 2. Through December 8, 2007, over 2,622,214 bottles of Pro-Health have been sold in the state of Georgia. *Id.* Based upon data compiled by Procter &Gamble in the normal course of business, the average retail price of a bottle of Pro-Health sold in the Georgia market is

$ 4.15. *Id.*

15.    In his Amended Complaint, Plaintiff seeks a full refund of the retail purchase price of all bottles of Pro-Health sold in Georgia since its introduction. (*See* Amended Complaint at ¶¶ 34 & 35). Given the number of bottles of Pro-Health actually sold in Georgia since April of 2005 (2,622,214), and multiplying by the average retail price paid per bottle in Georgia during this period ($4.15), the retail purchase price refunds sought by Plaintiffs would total more than $ 10,808,071. *See* Kenneway affidavit at ¶ 3. **Thus, the request for refunds, by itself, exceeds the $5 Million dollar jurisdictional requirement.** Plaintiff also seeks

---

[2] By way of example, if there were only 100 putative class members, each class member would have to have purchased over 26,222 bottles of Pro-Health.   Clearly, the number of putative class members is far greater than 100.

4

unspecified additional consequential, general and special damages (*See* Amended Complaint at ¶ 36).

16.     Procter & Gamble has recorded net outside sales of over $ 7,683,015.70 at wholesale ("net outside sales") for the bottles of Pro-Health that have been sold in the state of Georgia since April of 2005. This wholesale price is to be contrasted with the higher retail price paid by Georgia consumers that Plaintiff seeks to have refunded. *See* Kenneway affidavit at ¶ 4.

17.     Plaintiff also seeks an injunction prohibiting the sale of Pro-Health in Georgia without new warnings being placed on the product. (*See* Amended Complaint at ¶ 30). This would require the recall of existing Pro-Health product in Georgia stores and in the Georgia distribution chain. *See* Kenneway Affidavit at ¶ 5. (Exhibit 2).

18.     The wholesale values of the Pro-Health product currently in the Georgia stores and the Georgia distribution chain is over $ 713,233.62. *Id.*     This understates the costs of a product recall because it does not include the administrative costs of a recall which would cost hundreds of thousands of dollars. *Id.*

19.     If Procter &  Gamble were ordered to relabel Pro-Health, this process would take at least 9 months for the product to be relabeled with the requested warnings and reintroduced in Georgia stores. *Id.* at ¶ 6. Based upon Procter & Gamble's historical sales in the state of Georgia, this relabeling effort would result in over $ 3,863,348.90 in additional lost sales in the state of Georgia during the relabeling period. *Id.*

20.     Additionally, Plaintiffs are also seeking to recover exemplary damages. (See Amended Complaint at ¶ 32). Under CAFA, punitive or exemplary damages must be considered in determining the jurisdictional amount in controversy in diversity cases. *See*

*Brown v. Jackson Hewitt*, 2007 WL 642011, at *3 (N.D. Ohio Feb. 27, 2007) (relying on *Holly Equipment Corp. v. Credit Alliance Corp*, 821 F.2d 1531, 1535 (11th Cir. 1987)); *Ongstad v. Hyper Jaffrey & Co.*, 407 F.Supp. 2d 1085, 1091 (D.N.D., 2006); *Rippee v. Boston Market Corp.*, 408 F.Supp. 2d 982, 984 (S.D. Cal., 2005).

21.    Further, Plaintiff is seeking attorneys fees under the UDTPA. Under CAFA, statutorily allowed attorneys fees are properly included in determining the amount in controversy in a class action. *See Lowdermilk v. U.S. Bank National Assoc.*, 479 F.3d 994, 1000 (9th Cir., 2007); *The Home Depot, Inc. v. Rickher*, 2006 W.L. 1727749, at *1 (7th Cir. (2006); *Frazier v. Pioneer America LLC*, 455 F.3d 542, 545 (5th Cir. 2006).

22.    Under CAFA, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and cost." 28 U.S.C. § 1332(d)(6). *See Lowery v. Alabama Power Co.* 483 F.3d 1184, 1193, n.24 (11th Cir. 2007) (CAFA did away with the "non-aggregation rule."). Thus, this court must aggregate the claims of the individual class members to determine whether the amount in controversy exceeds five million dollars.

23.    Taking into account Plaintiffs foregoing claims for compensatory damages (exceeding $10,808,071), injunctive relief, exemplary damages, punitive damages, and statutory attorneys' fees, the amount in controversy clearly exceeds five million dollars.

24.    This class action is precisely the type of case Congress expressly made removable to federal court under CAFA. Indeed, CAFA seeks to expand, not restrict, federal jurisdiction and it is to be broadly construed to effectuate that purpose. *See Adams v. Federal Materials Co.*, 2005 U.S. Dist. Lexus 15324, *16 (W.D. at W.D.Ky. July 28, 2005). ("Opening of federal courts to *more* not fewer litigants was the goal [of CAFA]").

25.     Based upon all of the above, this court properly has federal diversity jurisdiction over this class action under CAFA.

26.     No exception to class action removal under CAFA would be relevant here.

## REMOVAL IS PROPER

27.     The original Complaint in this case was filed on October 15, 2007, but never served on any of the Defendants. The Amended Complaint was filed on November 27, 2007, but the earliest service on any defendant was December 3, 2007. Thus, this Notice of Removal is timely because it is being filed within thirty (30) days after the date of service of an initial pleading setting forth a claim for relief. 28 U.S.C. § 1446(b).

28.     The United States District Court for the Southern District of Georgia, Augusta Division, is the federal judicial district embracing the Superior Court of Richmond County, State of Georgia, where the suit was originally filed. Venue, therefore, is proper in this district under 28 U.S.C. §§1441(a) and 90(c).

29.     This Court, therefore, has original jurisdiction under 28 U.S.C. § 1332(d) (CAFA). Removal of this action to this court is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

30.     Defendants attach a copy of all process, pleadings, and orders served them in accordance with 28 U.S.C. § 1446(o). See Amended Summons and Complaint. (Exhibit 1).

31.     Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that the Notice of Removal will be served properly on Plaintiff and will be filed with the Clerk of Court, Superior Court of Richmond County, State of Georgia.

WHEREFORE, Defendants pray that their Notice of Removal be deemed good and sufficient and for all other relief to which they may be entitled.

This 2nd day of January, 2008.

Taylor Tapley Daly
Georgia Bar No. 697887
taylor.daly@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.
Atlantic Station
201 17th Street NW
Suite 1700
Atlanta, GA 30363
PH:  (404) 817-6000
FX:  (404) 817-6050


Robert W. Foster, Jr.
robbie.foster@nelsonmullins.com
Pro Hac Vice Application Pending
William H. Latham
bill.latham@nelsonmullins.com
Pro Hac Vice Application Pending

NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.
Meridian Building
1320 Main Street /17th Floor
Columbia, SC  29201
(803) 799-2000

Attorneys Defendants Procter & Gamble, Inc.,
The Procter & Gamble Company,
The Procter & Gamble Manufacturing Company, and
The Procter & Gamble Distributing, LLC

# EXHIBIT 1

5

P 12/21

## IN THE SUPERIOR/~~STATE~~ COURT OF RICHMOND COUNTY

### STATE OF GEORGIA

Rec'd   DEC 03 2007

Louis Silverstein

CIVIL ACTION NUMBER _2007-RCCV-708_

**PLAINTIFF**

VS.

Procter & Gamble, Inc., The Procter & Gamble Company, The Procter & Gamble Manufacturing Company and The Procter & Gamble Distributing LLC

**DEFENDANT**

Registered agnt **E.J. Wunst**
Corp Sec. at One Procter @ Gamble
Pkza c-2

Cinti, OH 45202

### SUMMONS

TO THE ABOVE NAMED DEFENDANT**S**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:
John C. Bell, Jr.
BELL & BRIGHAM
PO Box 1547
Augusta, GA  30903-1547

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _27th_ day of _November_ , ~~19~~ 2007

Clerk of Superior/~~State~~Court

By _____
Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

IN THE SUPERIOR COURT OF RICHMOND COUNTY
STATE OF GEORGIA

CLERK OF SUPERIOR STATE

07 NOV 27  PH 4: 04

RICHMOND COUNTY, GA.

LOUIS SILVERSTEIN,                              )
Individually and on Behalf of a Class           )
of all Others Similarly Situated,               )
                                                )
      Plaintiff,                               )
                                                )
v.                                              )     CIVIL ACTION FILE
                                                )     FILE NO. 2007-RCCV-708
PROCTER & GAMBLE, INC.,                         )
THE PROCTER & GAMBLE COMPANY, )
THE PROCTER & GAMBLE                            )
MANUFACTURING COMPANY, and                      )
THE PROCTER & GAMBLE                            )
DISTRIBUTING LLC,                               )
                                                )
      Defendants.                              )

## AMENDED CLASS ACTION COMPLAINT

COMES NOW Louis Silverstein, through counsel, individually and on behalf of all other

persons similarly situated, amends his Complaint and shows the Court as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff is a resident of the State of Georgia.

2.

The Defendant Procter & Gamble Company is a corporation incorporated under the laws of

the State of Ohio, with its principal place of business in Cincinnati, Ohio. It may be served by

service upon its registered agent E.J. Wunsh, Attn: Corporation Secretary, One Procter & Gamble

Plaza, C-2, Cincinnati, Ohio 45202.

3.

The Defendant Procter & Gamble Manufacturing Company is a corporation incorporated under the laws of the State of Ohio, with its principal place of business in Cincinnati, Ohio. It may be served by service upon its registered agent CT Corporation System, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

4.

The Defendant Procter & Gamble Distributing, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Cincinnati, Ohio. It may be served by service upon its registered agent CT Corporation System, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

5.

This action arises out of torts and wrongful acts that occurred in Richmond County, Georgia. This Court has jurisdiction. Venue lies in the Superior Court of Richmond County. The Defendants are herein collective referred to as Procter & Gamble.

## GENERAL ALLEGATIONS

6.

As part of its routine operations, Procter & Gamble manufacturers and distributes a variety of products, including, but not limited to household cleaners, paper products and oral hygiene products, including Crest Pro-Health mouthwash.

7.

Procter & Gamble markets Crest Pro-Health mouthwash as a product designed to prevent plaque, gingivitis and bad breath for twelve hours following use.

8.

The active ingredient in Crest Pro-Health mouthwash is cetylpyridinium chloride.

9.

The product label for Crest Pro-Health mouthwash states:

Directions
- use after your normal brushing and flossing routine; rinse toothpaste from mouth prior to use
- adults and children 6 yrs. & older: Rinse for 30  seconds with 20ml (4 teaspoonfuls) twice daily
- do not swallow
- children 6 years to under 12 years of age: supervise use
- children under 6 years of age: do not use

10.

The Plaintiff purchased Crest Pro-Health mouthwash in Richmond County, Georgia, and used the product as directed.

11.

After the Plaintiff began using Crest Pro-Health mouthwash, he noticed that his teeth had acquired a brown stain.

12.

Following repeated use of Crest Pro-Health mouthwash, the Plaintiff's sense of taste was impaired.

13.

The warnings and directions provided by Procter & Gamble for the use of Crest Pro-Health mouthwash contained no warning of the potential of the mouthwash to stain teeth and impair one's sense of taste.

14.

The warnings and directions that accompany Crest Pro-Health mouthwash contain no

warnings or directions as to how one might minimize the tooth staining or the impairment of sense of taste caused by use of Crest Pro-Health mouthwash.

15.

The warnings and directions that accompany Crest Pro-Health mouthwash contain no instructions as to how one should treat stains or impairment of sense of taste resulting from use of Crest Pro-Health mouthwash.

## CLASS ACTION ALLEGATIONS

16.

This action is brought by the named Plaintiff, individually and on behalf of other residents of the State of Georgia similarly situated, as a class action under the provisions of Section 23 of the Georgia Civil Practice Act, on behalf of a class of persons who used Crest Pro-Health mouthwash.

17.

The class of Plaintiffs for whose benefit the named Plaintiff brings this action is defined as follows:

> All natural persons residing in the State of Georgia who have purchased Crest Pro-Health mouthwash in the State of Georgia, and all persons who have used Crest Pro-Health mouthwash that was purchased in the State of Georgia by someone in the user's household. Expressly excluded from the class are employees, officers and directors of Defendants.

18.

The class is so numerous that joinder of all members is impracticable.

19.

Questions of law or fact common to the Class include, but are not limited to the following:

a.    Whether Procter & Gamble knew or should have known that Crest Pro-Health mouthwash stains teeth;

b.     Whether Procter & Gamble knew or should have known that Crest Pro-Health mouthwash impairs the sense of taste;

c.     Whether Procter & Gamble took reasonable measures to notify consumers about the possible side effects of Crest Pro-Health mouthwash;

d.     Whether Procter & Gamble had a duty to warn consumers about the possible side effects of Crest Pro-Health mouthwash;

e.     Whether Procter & Gamble fulfilled its duty to warn consumers about the possible adverse side effects that could result from the use of Crest Pro-Health mouthwash;

f.     Whether Procter & Gamble provided adequate warnings and directions to consumers using Crest Pro-Health mouthwash as to how they might reduce the risk of staining of their teeth and impairment of their sense of taste;

g.     Whether Procter & Gamble provided adequate warnings and directions to consumers using Crest Pro-Health mouthwash as to how they should treat tooth staining or impairment of the sense of taste caused by use of the mouthwash;

h.     Whether Procter & Gamble made representations that Crest Pro-Health mouthwash keeps teeth white;

i.     Whether Procter & Gamble markets Crest Pro-Health mouthwash as a *premium product*;

j.     Whether Procter & Gamble engaged in deceptive or misleading trade practices in its marketing of Crest Pro-Health mouthwash;

k.     Whether or not Crest Pro-Health mouthwash is reasonably fit for its intended purpose;

l.     Whether or not Crest Pro-Health mouthwash is merchantable;

m.   Whether purchasers of Crest Pro-Health mouthwash have a right to rescind the purchase of the mouthwash and receive a full refund from the Defendants;

n.   Whether or not members of the Plaintiff class are entitled to recover consequential damages from the Defendants;

o.   Whether Procter & Gamble's conduct was intentional;

p.   Whether Procter & Gamble's conduct was so reckless as to reflect a conscious disregard of consequences;

q.   Whether or not the Plaintiff and members of the Plaintiff class are entitled to an injunction enjoining the sale and marketing of Crest Pro-Health mouthwash by the Defendants without adequate warnings and directions;

r.   The entitlement of Plaintiff and members of the Plaintiff class to expenses of litigation, including reasonable attorney fees;

s.   The entitlement of Plaintiff and members of the Plaintiff class to exemplary damages.

20.

The claims of the named Plaintiff are typical of the claims of members of the Plaintiff class.

21.

Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class actions. Plaintiff will fairly and adequately protect the interests of each member of the class. Plaintiff specifically reserves the right to add additional class representatives as necessary.

22.

Without a class action mechanism, members of the class would be substantially, if not completely, impaired or impeded in their abilities to protect their interests.

23.

The prosecution of such claims outside of a class action will not be economical.

24.

The claims of the named Plaintiff are meritorious. The named Plaintiff reasonably believes that he will prevail on the merits.

25.

A final judgment on the merits of the Plaintiff's claims and the liability issues with regard to causation would be dispositive of the claims and interests of those similarly situated who are not specifically named herein as plaintiffs.

## COUNT I

## GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT

26.

Paragraphs one through twenty-five are incorporated as if fully set forth herein.

27.

The Defendants wrongfully misrepresent the characteristics, uses, benefits and qualities of Crest Pro-Health mouthwash.

28.

The Defendants wrongfully misrepresent the quality of Crest Pro-Health mouthwash.

29.

The failure of the Defendants to disclose in their advertising, labeling and promotional materials the propensity of its mouthwash to stain teeth and to impair the user's sense of taste is conduct that creates a likelihood of confusion and misunderstanding in purchasers and users of Crest Pro-Health mouthwash, including all members of the Plaintiff class.

30.

The Plaintiff and all members of the Plaintiff class are entitled to an injunction enjoining the Defendants from marketing Crest Pro-Health mouthwash in the State of Georgia without adequate and full disclosure to purchasers of the propensities of Crest Pro-Health mouthwash to stain teeth and to impair the sense of taste.

31.

The Plaintiff and all members of the Plaintiff class are entitled to recover their expenses of litigation, including reasonable attorney fees.

32.

The Plaintiff and all members of the Plaintiff class are entitled to recover exemplary damages sufficient to punish the Defendants and to deter the Defendants from further like wrongful conduct.

## COUNT II

### EQUITABLE FRAUD

33.

Paragraphs one through twenty-five are incorporated as if fully set forth herein.

34.

The failure of the Defendants to disclose the propensity of its mouthwash to stain teeth and to impair the sense of taste is equitable fraud that entitles the Plaintiff and all members of the Plaintiff class to revoke acceptance of their purchases of Crest Pro-Health mouthwash and to recover all sums paid for such mouthwash.

35.

The Plaintiff and all members of the Plaintiff class are entitled to injunctive relief setting

aside their contracts for the purchase of Crest Pro-Health mouthwash and ordering refunds by the Defendants to the Plaintiff for all sums spent for Crest Pro-Health mouthwash.

36.

The Plaintiff and all members of the Plaintiff class are entitled to recover all consequential, general and special damages incurred by them arising out of the use of Crest Pro-Health mouth wash.

37.

The Plaintiff and all members of the Plaintiff class are entitled to recover their expenses of litigation, including reasonable attorney fees.

38.

The Plaintiff and all members of the Plaintiff class are entitled to exemplary damages sufficient to punish the Defendants and to deter the Defendants from further like wrongful conduct.

## COUNT III

### FRAUD AND DECEIT

39.

Paragraphs one through twenty-five are incorporated as if fully set forth herein.

40.

The sale and marketing of Crest Pro-Health mouthwash, without including disclosures as to the propensity of the mouthwash to stain teeth and to impair the sense of taste, constitutes a fraudulent material misrepresentation by omission to the Plaintiff and members of the Plaintiff class.

41.

As a matter of law, the Plaintiff and all members of the Plaintiff class are entitled to an affirmative inference of reliance upon the Defendants' fraud by omission.

42.

The Plaintiff and all members of the Plaintiff class are entitled to recover from the Defendants fair compensation for all injuries and damages incurred as a result of the Defendants' fraudulent omissions.

43.

The Plaintiff and all members of the Plaintiff class are entitled to expenses of litigation, including reasonable attorney fees.

44.

The Plaintiff and all members of the Plaintiff class are entitled to exemplary damages sufficient to deter the Defendants from further like conduct.

WHEREFORE, having stated his complaint, the Plaintiff prays as follows:

a) that process issue and that the Defendants be served as required by law;

b) that the Plaintiff and all members of the Plaintiff class recover from the Defendants all damages as set forth herein;

c) that the Plaintiff and all members of the Plaintiff class recover exemplary damages in an amount to be determined by the enlightened conscious of a fair and impartial jury;

d) that the Plaintiff and all members of the Plaintiff class receive the equitable relief prayed for;

e) that the Court award the Plaintiff and all members of the Plaintiff class expenses of litigation, including reasonable attorney fees; and

f) that the Plaintiff and all members of the Plaintiff class have such further relief as the

Court deems just.

Respectfully submitted,

BELL & BRIGHAM

John C. Bell, Jr.
Georgia Bar No. 048600
Post Office Box 1547
Augusta, Georgia 30903-1547
(706) 722-2014

Angela McElroy-Magruder
Georgia State Bar No. 113625
Claeys, McElroy-Magruder & Associates
512 Telfair Street
Augusta, Georgia 30901
(706) 722-8998

ATTORNEYS FOR PLAINTIFF

# EXHIBIT 2

IN THE SUPERIOR COURT OF RICHMOND COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| Louis Silverstein, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO.  2007-RCCV-708 |
| v. | ) | |
| | ) | |
| Procter & Gamble, Inc., | ) | |
| The Procter & Gamble Company | ) | |
| The Procter & Gamble Manufacturing | ) | |
| Company, and The Procter & Gamble | ) | |
| Distributing LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AFFIDAVIT OF MATTHEW E. KENNEWAY

I, Matthew E. Kenneway, being duly sworn, do depose and say:

1.    I am currently employed by the Defendant The Procter & Gamble Company ("Procter & Gamble") as the Brand Manager for the Crest® Pro-Health™ ("Pro-Health") oral rinse product that is at issue in the above captioned lawsuit.

2.    Since its nationwide introduction in April of 2005, over 83 Million bottles of Pro-Health have been sold in the United States.   Through December 8, 2007 over 2,622,214 bottles of Pro-Health have been sold in the state of Georgia.  Based upon data gathered by Procter & Gamble in the normal course of business, I have determined that the average retail price of a bottle of Pro-Health sold in the Georgia market is $4.15.

3.    In his Amended Complaint, Plaintiff seeks a full refund of the retail purchase price of all bottles of Pro-Health sold in Georgia.  (See Amended Complaint at ¶¶ 34 & 35). Based upon the number of bottles of Pro-Health actually sold in Georgia since April of 2005, and the average retail price per paid per bottle in Georgia during this period, the purchase price

refunds sought be Plaintiffs would total more than $10,808,071.   In addition, Plaintiff seeks unspecified consequential, general and special damages  (See Complaint at ¶ 36).

4.      Procter & Gamble has recorded net outside sales over $ 7,683,015.70 at wholesale ("net outside sales") for the bottles of Pro-Health that have been sold in state of Georgia since April of 2005.  This wholesale price is to be contrasted with the higher retail price paid by Georgia consumers.

5.      Plaintiff also seeks an injunction prohibiting the sale of Pro-Health in Georgia without new warnings being placed on the product. (See Complaint at ¶ 30).  This would require the recall of existing Pro-Health product in Georgia stores and in the Georgia distribution chain. The wholesale values of the Pro-Health product currently in the Georgia stores and the Georgia distribution chain is over $713,233.62.    This understates the costs of a product recall because it does not include the administrative costs of a recall which would cost hundreds of thousands of dollars.

6.      If Procter & Gamble were ordered to relabel Pro-Health, this process would take at least 9 months for the product to be relabeled with the requested warnings and reintroduced in Georgia stores.  Based upon Procter & Gamble's historical sales in the state of Georgia, this would result in over $ 3,863,348.90 in lost sales in the state of Georgia during the relabeling period.

FURTHER THE AFFIANT SAYETH NOT:

_____
Matthew E. Kenneway

SWORN to and subscribed before me

this 28th day of _____ December _____, 2007

_____ (L.S.)
Notary Public for

My Commission Expires: ___3·21·2009___  Boone Co. Ky

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| LOUIS SILVERSTEIN,<br>Individually and on Behalf of a Class<br>Of all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PROCTER & GAMBLE, INC.,<br>THE PROCTER & GAMBLE COMPANY,<br>THE PROCTER & GAMBLE<br>MANUFACTURING COMPANY and<br>THE PROCTER & GAMBLE<br>DISTRIBUTING, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)   CIVIL ACTION FILE<br>)<br>)   NO. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that I have this 2nd day of January, 2008 filed **NOTICE OF REMOVAL OF PUTATIVE CLASS ACTION** by depositing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereto to ensure delivery to the following attorneys of record:

John C. Bell, Jr.
Bell & Brigham
PO Box 1547
Augusta GA 30903-1547

_____
Taylor Tapley Daly
Georgia Bar No. 697887
taylor.daly@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.

Atlantic Station
201 17th Street NW / Suite 1700
Atlanta, GA 30363
PH:  (404) 817-6000
FX:  (404) 817-6050

Robert W. Foster, Jr.
robbie.foster@nelsonmullins.com
Pro Hac Vice Application Pending
William H. Latham
bill.latham@nelsonmullins.com
Pro Hac Vice Application Pending

NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.
Meridian Building
1320 Main Street / 17th Floor
Columbia, SC  29201
(803) 799-2000

Attorneys Defendants Procter & Gamble, Inc.,
The Procter & Gamble Company,
The Procter & Gamble Manufacturing Company, and
The Procter & Gamble Distributing, LLC